IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ALICIA MONTES-SAAVEDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-565-A |
| | § | |
| CHARTER COMMUNICATIONS LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Charter Communications, LLC, for summary judgment. The court, having considered the motion, the response of plaintiff, Alicia Montes-Saavedra, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff filed her original complaint on July 13, 2017. Doc.[1] 1. In it, she alleged:

Plaintiff began working for defendant on or about January 25, 2013. Doc. 1 ¶ 5. On several occasions, from June 2014 through October 2014, Troy Hopson ("Hopson") would hug and rub on plaintiff's lower back. Plaintiff asked Hopson to stop, but he would not. Id. ¶ 6. During this same time, Glen Moore ("Moore")

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

would say things like, "you can come and sit on my lap" and plaintiff would tell him to stop. Id. ¶ 7. During the week of October 17, 2014, Moore said "nice view" while standing behind plaintiff, looking down at her as she sat at her desk. Id. ¶ 8. Plaintiff went to the director of human resources, Maria Cicconi ("Cicconi") with "this report of harassment" on October 17, 2014, and was told that all plaintiff did was complain. Id. ¶ 9. Plaintiff was written up on October 21, 2014, for supposed insubordination, and refused to sign the write up. Id. ¶ 10. On October 27, 2018, plaintiff was fired and told it was due to job performance. Id. ¶ 11. The reason for her termination was pretextual. Id. ¶ 12.

Plaintiff says that she is suing for sex discrimination, creating a hostile work environment, and retaliation. Id. ¶ 4. She also says that defendant's actions amount to intentional infliction of emotional distress. Id. ¶ 15.

## II.

### Grounds of the Motion

Defendant maintains that plaintiff cannot raise a genuine issue of material fact as to any of the claims asserted by her.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

Defendant first argues that plaintiff cannot proceed with a claim for disparate treatment under Title VII, because she did not exhaust her remedies as to such claim. A Title VII action is

---

[2]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

limited to the scope of the EEOC investigation that could reasonably grow out of a charge filed with the EEOC. Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993). Sexual harassment and disparate treatment are different forms of discrimination that must be separately exhausted. Clark v. Kraft Foods, Inc., 18 F.3d 1278, 1279 n.4 (5th Cir. 1994). In any event, the complaint does not mention disparate treatment. Rather, it appears that plaintiff is only complaining that she was retaliated against for complaining about sexual harassment by Moore and Hopson. In her response, plaintiff concedes that her claim for sex discrimination should be dismissed. Doc. 25 at 1.

Defendant next argues that plaintiff cannot make out a claim for sexual harassment as (1) she cannot adduce any evidence to show that she experienced harassing conduct that was so severe or pervasive as to alter the terms, conditions, or privileges of employment, and (2) she cannot show that defendant knew or should have known of the harassment and failed to take prompt remedial action. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986)(setting forth the elements of a hostile work environment claim). See also Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 325 (5th Cir. 2004)(the environment must be both objectively and subjectively abusive and must be so severe and pervasive that it destroys the opportunity to succeed in the workplace).

Here, plaintiff has not shown, much less pleaded facts to show, that she was subjected to a hostile work environment. Rather, she has asserted nothing more than offhand comments and isolated incidents that did not unreasonably interfere with her work performance. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 330 (5th Cir. 2009). The alleged instances here are certainly not as severe as those that have been held insufficient to support a hostile environment claim. See Hockman, 407 F.3d at 325-26; Shepherd v. Comptroller of Pub. Accounts, 168 F.3d 871 (5th Cir. 1999). By her conduct, allowing alleged sexual comments to continue "at least twice a week and over 200 times," Doc. 25 at 2, and allowing Hopson to touch her on her lower back approximately five times, id. at 2, plaintiff acknowledges that the remarks and isolated touching incidents did not unreasonably interfere with her work performance. In other words, she obviously did not consider them to be severe or pervasive enough to be worth reporting, assuming that they did occur.

Further, even had plaintiff been able to show sufficiently severe conduct, she has not shown that defendant failed to take appropriate corrective action. See Nash v. Electrospace Sys., Inc., 9 F.3d 401, 404 (5th Cir. 1993)(defendant is not liable unless it failed to take prompt remedial action). Here, plaintiff

says that she reported the alleged harassing conduct on October 17, 2014. She admits that she made no complaints before that time, although she alleges that the conduct had been ongoing. And, she admits that she has no evidence that defendant knew of the conduct prior to her report. The summary judgment record reflects that defendant investigated plaintiff's allegations and determined that the allegations against Hopson were unsubstantiated. Defendant reprimanded Moore and has not had any other complaints about his behavior.

Defendant next asserts that plaintiff cannot prevail on her retaliation claim because (1) she cannot show that the decision-makers responsible for her termination had knowledge of plaintiff's alleged protected activity, and (2) she cannot show that defendant's reason for terminating her was pretextual. To establish a case of retaliation, plaintiff must show, among other things, that there was a causal link between her complaint about sexual harassment and her termination. Gollas v. Univ. of Tex. Health Science Ctr., 425 F. App'x 318, 321 (5th Cir. 2011); Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 883 (5th Cir. 2003). If the employer was not aware of the employee's protected conduct at the time of the adverse employment action, there can have been no retaliation based on that conduct. Chaney v. New

7

Orleans Pub. Facility Mgmt., Inc., 179 F.3d 164, 168 (5th Cir. 1999).

Here, the summary judgment evidence establishes that the persons responsible for plaintiff's final warning and termination did not have knowledge of her October 17, 2014 report to Cicconi. Moreover, the decision to terminate plaintiff was made before plaintiff's report to Cicconi. Further, and in any event, plaintiff cannot show that she would not have been fired but for her October 17 report. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013). Here, there is no evidence to support a claim of pretext. Higgins v. Lufkin Indus., Inc., 633 F. App'x 229, 234 (5th Cir. 2015)(substantial evidence of pretext is required). Rather, the evidence shows that defendant terminated plaintiff because of what it perceived to be continued bad performance, including attendance issues, open insubordination, and refusal to perform requested work.

Plaintiff's disagreement with defendant's assessment of her actions does not create a fact issue for trial. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 899 (5th Cir. 2002). Her contention that the reason for her termination was fabricated still does not establish that the real reason for her termination was retaliation. Again, plaintiff made no complaint about sexual harassment until it was obvious that she would be terminated and

there is no evidence that the decision-makers even knew of plaintiff's complaint.[3] Rather, the evidence is that the decision to terminate plaintiff was made prior to her report to Cicconi about alleged sexual harassment. And, pursuant to plaintiff's own testimony, she was cautioned that if she refused to sign the final written warning dated October 21, 2014, she would be terminated. Doc. 26 at 012-13. Plaintiff refused to sign. Id. at 012.

Finally, defendant maintains that plaintiff's claim of intentional infliction of emotional distress is meritless. The court agrees. The purpose of the state law tort is to provide a cause of action for egregious conduct that might otherwise go unremedied. Hoffman-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 337 (Tex. 2004). (By "egregious conduct" is meant conduct that is so extreme or outrageous that it borders on serious criminal acts. Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 818 (Tex. 2005).) Where the claim is based on the same conduct alleged to support a claim of retaliatory discharge, it should be dismissed. Ameen v. Merck & Co., Inc., 226 F. App'x 363, 373 (5th Cir. 2007). See also Tubbs v. Nicol, 675 F. App'x 437, 440 (5th Cir.

---

[3]Plaintiff argues that Cicconi would have notified the decision-makers of plaintiff's complaint. However, Cicconi testified that she would contact her superior, the senior HR director, when she received a complaint. Doc. 26 at 026.

2017). Again, plaintiff concedes that this claim should be dismissed. Doc. 25 at 1.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, that plaintiff take nothing on her claims against defendant, and that such claims be, and are hereby, dismissed.

SIGNED May 16, 2018.

_____
JOHN McBRYDE
United States District Judge